**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Anthony Mills, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:26-cv-760-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Arlene Bluth, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action against Defendant in this district (ECF No. 1) and identical complaints in at least thirty (30) other federal district courts across the nation. *See* (ECF No. 7 at 2–3 (listing actions)). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), concluding that Plaintiff has failed to allege facts demonstrating that the court has subject matter jurisdiction over the claims or personal jurisdiction over the parties; that the complaint fails to state a claim upon which relief could be granted; and that Plaintiff failed to establish that venue in this district is proper. (ECF No. 7 at 5–14). Additionally, the magistrate judge found that the complaint contains "perfunctory" allegations that are identical to the scores of complaints Plaintiff has filed around the county, rendering this action utterly frivolous. *Id*. at 15–17. Accordingly, the magistrate judge recommends that this court dismiss this action pursuant to 28 U.S.C. § 1915, without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 7 at 17). The magistrate judge notified Plaintiff of his right to file objections to the Report. *Id*. at 18. The Clerk's Office mailed the Report to Plaintiff's last known address,

(ECF No. 10), and it was returned "unable to forward" and "return to sender." (ECF No. 12). Plaintiff has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the

2

recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report. (ECF No. 7). Accordingly, the court **DISMISSES** this action without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

March 17, 2026
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.